KEVIN C. ALLEN, ESQUIRE            **ATTORNEY FOR PLAINTIFF**
**CRYSTLE, ALLEN & BRAUGHT, LLC**
**143 NORTH DUKE STREET**
**LANCASTER, PA 17602**
**ATTORNEY I.D. NO.: 55232**
**PHONE:  717- 393-0600**
**FACSIMILE 717-396-1028**

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL ACTION

| | | |
|---|---|---|
| **KATHY KEIFER,** | : | |
| **ADMINISTRATRTIX OF THE** | : | |
| **ESTATE OF ZACHARY KEIFER** | : | |
|    **420 Rockland Drive** | : | |
|    **Elizabethtown, PA 17022** | : | |
|       **Plaintiff** | : | |
| | : | **No.:** |
|     **v.** | : | |
| | : | |
| **LANCASTER COUNTY** | : | |
|    **50 N. Duke Street** | : | |
|    **Lancaster, PA 17602** | : | |
| | : | **JURY TRIAL DEMANDED** |
|     **AND** | : | |
| | : | |
| **PRIMECARE MEDICAL, INC.** | : | |
|    **3940 Locust Lane** | : | |
|    **Harrisburg, PA 17109** | : | |
| | : | |
|     **AND** | : | |
| | : | |
| **JOHN W. WICKIZER** | : | |
|    **6035 School Creek Lane** | : | |
|    **Annville, PA 17003-8902** | : | |
| | : | |
|     **AND** | : | |
| | : | |
| **DENISE SIPE** | : | |
|    **625 E. King Street** | : | |
|    **Lancaster, PA 17602** | : | |
| | : | |
|     **AND** | : | |

1

**MARK TURGEON**                                      :
    **625 East King Street**                          :
    **Lancaster, PA 17602**                           :
                                                          :
        **AND**                                   :
                                                           :

**WILLIAM CATTELL**                                  :
    **625 East King Street**                          :
    **Lancaster, PA 17602**                           :
                                                          :
        **AND**                                   :
                                                           :

**MATTHEW CORSIGLIA**                                :
    **625 East King Street**                          :
    **Lancaster, PA 17602**                           :
                                                          :
        **AND**                                   :
                                                           :

**JEFFREY CHRISTNER**                                :
    **625 East King Street**                          :
    **Lancaster, PA 17602**                           :
                                                          :
        **AND**                                   :
                                                           :

**BRIAN McCORMICK**                                  :
    **625 East King Street**                          :
    **Lancaster, PA 17602**                           :
                                                          :
        **AND**                                   :
                                                           :

**WILLIAM MORNINGSTAR**                              :
    **625 East King Street**                          :
    **Lancaster, PA 17602**                           :
                                                          :
        **AND**                                   :
                                                           :

**BRYAN ACHEY**                                      :
    **625 East King Street**                          :
    **Lancaster, PA 17602**                           :

2

## CIVIL ACTION COMPLAINT

**INTRODUCTION**

1.      This is an action for money damages against Lancaster County, PrimeCare Medical, John Wickizer, Denise Sipe, Marc Turgeon, William Cattell,  Matthew Corsiglia, Jeffrey Christner, Brian McCormick, William Morningstar, and Bryan Achey, for violations of Plaintiff's decedent's constitutional rights.

2.      Plaintiff alleges that the named Defendants were deliberately indifferent to the Plaintiff's Decedent Zachary Keifer's serious medical needs and rather than appropriately attend to his serious medical needs and threats to commit suicide, placed Plaintiff in general population and failed to monitor him, thereby resulting in his death by hanging.

3.      Plaintiff further alleges that Defendants PrimeCare Medical, Inc., Wickizer and were negligent and grossly negligent in the evaluation, care, and lack thereof, provided to decedent Zachary Keifer.

4.      Plaintiff allege that Defendants Denise Sipe, Marc Turgeon and William Cattell were deliberately indifferent to the decedent's serious medical needs in their failure and or refusal to examine and appropriately treat the decedent.

5.      Plaintiff alleges that Defendant PrimeCare Medical is vicariously liable for the actions and inaction of its employees, agents and assigns.

6.      Plaintiff further alleges that Defendant Lancaster County, with deliberate indifference, failed to adequately and properly supervise and train corrections officers and prison staff concerning the rights of inmates and concerning the care, treatment and monitoring of

3

mentally ill, suicidal and drug addicted inmates, including Plaintiff's decedent, and this failure was the proximate cause of the death of the Plaintiff's Decedent, Zachary Keifer.

7.     The actions of the Defendants were without legal justification thereby violating Plaintiff's Decedent's rights under the laws and Constitution of the United States in particular the 4th, 8th and 14th Amendments of the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. §§ 12101 *et seq.*, and the Decedent's rights under the Constitution and laws of the Commonwealth of Pennsylvania including 37 Pa. Code, § 91.6 *et seq.*   Through the deliberate indifference to the Decedent's serious medical needs and without just cause, the named Defendants violated the laws of the Commonwealth of Pennsylvania, the Rules and Regulations of the Lancaster County Prison and the County of Lancaster, regarding the care and treatment of suicidal inmates.

8.     Further, Defendant Lancaster County is directly liable and responsible for the acts of all of the Defendants because it repeatedly and knowingly failed to enforce the laws and guidelines of Pennsylvania and the regulations of Lancaster County Prison, failed to provide adequate staffing to assure safety pertaining to the care and treatment of mentally ill inmates and inmates addicted to narcotics, thereby creating within the Lancaster County Prison Corrections Department an atmosphere of lawlessness in which prison staff deny medical and psychological care to inmates in the belief that such will be condoned and justified by their superiors.

9.     Plaintiff files the within Civil Action Complaint and requests judgment against Defendants jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney's fees pursuant to 42 U.S.C. § 1988 and damages for delay.

4

**JURISDICTION**

10.    This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12101 et seq. and the 4th, 8th and 14th Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes pendant jurisdiction of this Court to consider claims arising under laws of the Commonwealth of Pennsylvania.

**PARTIES**

11.    Plaintiff, Kathy Keifer is the Administratrix of the Estate of Zachary Keifer, letters of administration having been granted on February 12, 2015, by the Register of Wills of Lancaster County, Pennsylvania.  Plaintiff is an adult individual, residing at the above captioned address.

12.    Plaintiff brings this action pursuant to Pa. Cons. Stat. § 8301 and Pa. R.C.P. 2202(a) as the personal representative of Decedent Zachary Keifer, on her own behalf, and on behalf of all those entitled by law to recover damages for the wrongful death of Decedent Zachary Keifer.

13.    The names and address of persons legally entitled to recover damages for the death of Decedent and the relationship to the Decedent Zachary Keifer are as follows:

| Name | Address | Relationship to Decedent |
|------|---------|--------------------------|
| Kathy Keifer | 420 Rockwood Drive Elizabethtown, PA 17022 | Mother |

14.     Upon information and belief, Plaintiff's decedent had no children living. The above named beneficiary is his proper and only surviving heir and is the only necessary Plaintiff in this case.

15.     Plaintiff brings this action on behalf of Decedent's Estate pursuant to 20 Pa. Constitutional Statute § 3373 and 42 Pa. Constitutional Statute § 8302 for damages suffered by the Estate as a result of Decedent's death as well as for the pain, suffering, humiliation and inconvenience which Decedent underwent prior to his death.

16.     At no time during his life did Plaintiff's decedent Zachary Keifer bring an action to recover damages for his personal injuries concerning this matter and no other action has been commenced to recover damages for his death.

17.     Defendant Lancaster County is, and at all times relevant to this Complaint was, a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania and is located at 50 North Duke Street, in the City and County of Lancaster, and at all times relevant, employed the Defendants John Wickizer, Denise Sipe, Matthew Corsiglia, Jeffrey Christner, Brian McCormick, William Morningstar, and Bryan Achey.

18.     Defendant PrimeCare Medical, Inc. (hereinafter PrimeCare) is a healthcare services provider that provides healthcare workers to prisons including Lancaster County Prison. PrimeCare Medical has corporate offices at 3940 Locust Lane, Harrisburg, Pennsylvania. Upon information and belief, defendants John Wickizer, Denise Sipe, Marc Turgeon, and William Cattell were employees of Defendant PrimeCare, Inc.  At all times relevant PrimeCare acted by and through its employees, agents, and assigns in the course and scope of their employment.

19.     Defendant John Wickizer (hereinafter Wickizer) was, at all times relevant, a duly appointed counselor of the County of Lancaster and Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.   At all times relevant, Defendant John Wickizer was acting in his capacity as an agent, servant or employee of Defendant Lancaster County and/or PrimeCare.  He is being sued individually. Upon information and belief his current address is 6035 School Creek Lane, Annville, PA 17003.

20.     Defendant Denise Sipe, (hereinafter Sipe) was, at all times relevant, a duly appointed counselor of the County of Lancaster and Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.   At all times relevant Defendant Denise Sipe was acting in her capacity as an agent, servant or employee of Defendant Lancaster County and/or PrimeCare. She is being sued individually. Upon information and belief her current business address is 625 E. King Street, Lancaster, PA 17602.

21.     Defendant Marc Turgeon, D.O. (hereinafter Turgeon) was, at all times relevant, a duly appointed physician and psychiatrist of the County of Lancaster and  Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.   At all times relevant, Defendant Marc Turgeon, M.D was acting in his capacity as an agent, servant or employee of Defendant Lancaster County and/or PrimeCare.  He is being sued individually. Upon information and belief his current business address is 625 E. King Street, Lancaster, PA 17602.

22.     Defendant William Cattell, M.D. (hereinafter Cattell) was, at all times relevant, a duly appointed physician of the County of Lancaster and  Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.   At all times relevant,

Defendant William Cattell, M.D was acting in his capacity as an agent, servant or employee of Defendant Lancaster County and/or PrimeCare.  He is being sued individually. Upon information and belief his current business address is 625 E. King Street, Lancaster, PA 17602.

23.     Defendant Matthew Corsiglia (hereinafter Corsiglia) was, at all times relevant, a duly appointed corrections officer for the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.  At all times relevant, Defendant Corsiglia was acting in his capacity as the agent, servant and/or employee of Defendant Lancaster County.  He is being sued individually. Upon information and belief his current business address is Cumberland County Prison 1101 Claremont Road, Carlisle, Pennsylvania 17015.

24.     Defendant Jeffrey Christner (hereinafter Christner) was, at all times relevant, a duly appointed corrections officer of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.  At all times relevant, Defendant Christopher was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County.  He is being sued individually. Upon information and belief his current business address is 625 E. King Street, Lancaster, PA 17602.

25.     Defendant Brian McCormick (hereinafter McCormick) was, at all times relevant, a duly appointed corrections officer of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.  At all times relevant, Defendant McCormick was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County.  He is being sued individually. Upon information and belief his current business address is 625 E. King Street, Lancaster, PA 17602.

8

26.     Defendant William Morningstar (hereinafter Morningstar) was, at all times relevant, a duly appointed corrections officer of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602. At all times relevant, Defendant Morningstar was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County.  He is being sued individually. Upon information and belief his current business address is 625 E. King Street, Lancaster, PA 17602.

27.     Defendant Bryan Achey (hereinafter Achey) was, at all times relevant, a duly appointed corrections officer of the County of Lancaster and the Lancaster County Prison with a business address of 625 East King Street, Lancaster, Pennsylvania 17602.  At all times relevant, Defendant Achey was acting in his capacity as the agent, servant and employee of the Defendant Lancaster County.  He is being sued individually. Upon information and belief his current business address is 625 E. King Street, Lancaster, PA 17602.

**CAUSE OF ACTION**

### STATEMENT OF FACTS

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 27, the same as if set forth at length herein.

28.     On December 22, 2014, Plaintiff's decedent, Zachary Keifer hereinafter "Keifer" was arrested and incarcerated at the Lancaster County Prison.

29.     On December 22, 2014 Keifer, after an initial assessment, was placed on 15 minute suicide watch along with other cell restrictions.

30.     Plaintiff's decedent was a known risk for suicide from past incarcerations at Lancaster County Prison, based upon the medical records contained in the prison.

31.     The named Defendants knew or should have known that decedent had attempted to harm himself by banging his head against the wall in a previous incarceration in August of 2014.

32.     The medical records in the prison indicate that Keifer was a long standing heroin addict with a history of anxiety disorder.

33.     Upon information and belief, from December 22, 2014 until on or about December 27, 2014, Plaintiff's Decedent was, for various periods of time, housed in the medical housing unit on a suicide watch.

34.     Upon information and belief, from December 22, 2014 until on or about December 27, 2014, Plaintiff's Decedent was, for various periods of time, housed in the medical housing unit on an opioid detox watch.

35.     Upon information and belief, the named Defendants knew that Keifer was actively using opioids prior to his arrest on December 22, 2014, was addicted to opioids at the time of his incarceration, and had his last dose of methadone on the morning of 12/22/2014 prior to his arrest and incarceration.

36.     Upon information and belief, throughout the course of Keifer's incarceration from December 22, 2014 through December 27, 2014 he consistently threatened to commit suicide due to severe emotional distress in addition to narcotics withdrawal symptoms and mental illness.

37.     Upon information and belief, Keifer advised Defendant counselors John Wickizer and Denise Sipe as well as Defendant corrections officers, Corsiglia, Christner, McCormick, Morningstar and Achey of his intent to commit suicide and that he had wanted to be shot by the police at the time of his arrest.

38.     Upon information and belief, Defendants Turgeon and Cattell, because they were the prison psychiatrist and physician respectively, knew or should have known that decedent Keifer was suicidal and addicted to narcotics at the time of his incarceration and throughout his incarceration.

39.     At no time during Keifer's incarceration did Defendants Turgeon or Cattell conduct a physical or psychiatric examination of the decedent.

40.     As a result of his heroin addiction, use of methadone and withdrawal from said narcotics Plaintiff was suffering during the course of his incarceration from December 22 through December 27 with severe physical and emotional side effects of narcotic withdrawal.

41.     The named Defendants knew that Plaintiff's decedent was suffering with the severe mental, physical and emotional effects of narcotic withdrawal.

42.     On December 24, 2014 decedent Zachary Keifer was removed from suicide watch by Defendant Wickizer, although he continued to threaten suicide.

43.     Throughout the course of his incarceration, December 22 through December 27, 2014, Plaintiff's decedent had asked other inmates to assist him in suicide.

44.     Upon information and belief, Defendants Corsiglia, Christner, McCormick, Morningstar, Achey as well as other unknown corrections officers were informed by decedent's

cellmate on or about December 26, 2014 that Plaintiff was continuing to threaten suicide and that he had even asked other inmates to assist him in committing suicide.

45.     Upon information and belief, on December 26, 2014 Plaintiff's decedent told Defendant corrections officers that he would attempt suicide.

46.     Upon information and belief decedent Zachary Keifer advised Defendant corrections officers, including but not limited to, Defendants Corsiglia and Christner of his intent to commit suicide.

47.     Upon information and belief, said corrections officer defendants failed to notify the mental health counselors and physicians of decedent's continued threats to commit suicide.

48.     In the alternative, Defendants Wickizer, Sipe, Turgeon and Cattell were advised of decedent's continued threats of suicide on 12/26/2014 and failed conduct an appropriate evaluation and return decedent to suicide watch status.

49.     Upon information and belief, on or about December 26, 2014, Defendant corrections officers including Defendants' Corsiglia and Christner searched decedent's cell but failed to remove items that would allow him to harm himself.

50.     Defendants Wickizer, Sipe, Turgeon and Cattell were aware of the information provided by Plaintiff's decedent as well as Lancaster County Prison personnel that decedent suffered with severe emotional distress, physical pain and anxiety and that decedent had continued to threaten to commit suicide throughout the course of his incarceration.

51.     On the morning of December 27, 2014 Defendant Wickizer met with decedent Keifer and, although decedent was suicidal and suffering the emotional and physical effects of

narcotics withdrawal, released the decedent from all observation status to general population without approval from a psychiatrist, psychologist, or physician.

52.     On December 27, 2014 Defendant Wickizer discontinued the decedent Zachary Keifer from medical observation status although he continued to threaten suicide and suffer the effects of narcotic withdrawal.

53.     On or about December 27, 2014 Plaintiff's decedent Zachary Keifer requested that he be removed from the cell that he shared with a cellmate to a private cell.

54.     Upon information and belief, Defendant corrections officers, including but not limited to Defendant Morningstar, transferred Keifer to a separate cell where he would be housed alone with a means to commit suicide all without following proper procedures of Lancaster County Prison and Lancaster County for making such a transfer.

55.     Despite Keifer's repeated threats to commit suicide and despite the knowledge of Defendants that Keifer had harmed himself in the past, decedent was not provided with psychiatric care or medication, was denied treatment and was not appropriately monitored. Further, Keifer was placed in a cell with access to means to hang himself all in violation of his civil rights and with deliberate indifference to his serious medical needs.

56.     On or about December 27, 2014, as a direct and proximate result of the deliberate indifference of Defendants to Plaintiff's decedent's serious medical needs, Keifer hung himself with a sheet from the bunk of his cell.

57.     Upon information and belief, decedent was initially resuscitated from his suicide attempt, however, never regained consciousness.

13

58.     Plaintiff's decedent Zachary Keifer was hospitalized at Lancaster General Hospital on December 27, 2014 and later died on January 7, 2015.

## COUNT I - DELIBERATE INDIFFERENCE

### PLAINTIFF KATHY KEIFER
### V.
### DEFENDANTS PRIMECARE, WICKIZER, SIPE, TURGEON, AND CATTELL

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 58, the same as if set forth at length herein.

59.     Defendants PrimeCare, Wickizer, Sipe, Turgeon, and Cattell were aware of information provided by Plaintiff's decedent and Lancaster County prison personnel that decedent suffered from severe physical, mental and emotional effects of narcotic detoxification yet failed to take necessary and reasonable steps to assure that decedent was properly monitored and failed to arrange for Keifer to be seen by a psychiatrist or to insure his safety.

60.     Defendants PrimeCare, Wickizer, Sipe, Turgeon, and Cattell were aware of information provided by Plaintiff's decedent and Lancaster County prison personnel that decedent was suicidal and consistently threatened to commit suicide throughout his incarceration from December 22, 2014 through December 27, 2014 yet failed to take necessary and reasonable steps to assure that decedent was properly monitored and failed to arrange for Keifer to be appropriately evaluated for suicidality or to be seen by a psychiatrist or to insure for his safety.

61.     Upon information and belief, Defendants PrimeCare, Wickizer, Sipe, Turgeon and/or Cattell released Keifer from suicide watch as well as medical observation watch, despite the fact that decedent remained suicidal.

62.     Defendants failed and/or refused to put decedent Keifer back on suicide status on 12/26/2014 or 12/27/2014 after learning that decedent had continued to threaten suicide.

63.     Defendants knew or should have known that decedent had a positive screening for mental health issues and a positive history of mental health disorders noted in previous incarcerations but failed to refer decedent for a full mental health evaluation by a psychiatrist.

64.     Upon information and belief Defendants Turgeon and Cattell deliberately intentionally and/or with deliberate indifference to the decedent's serious medical needs refused and or failed to examine the decedent although he was known to be both suicidal and suffering with severe physical and emotional symptoms of narcotic withdrawal.

65.     Defendants PrimeCare, Wickizer, Sipe, Turgeon and/or Cattell deliberately, intentionally and/or with deliberate indifference to the decedent's serious medical needs failed to provide the decedent with appropriate monitoring and cell checks knowing Keifer was suicidal and suffering from withdrawal symptoms.

66.     Upon information and belief, PrimeCare created, maintained and/or condoned policies and practices designed to deny and/or delay evaluation and treatment for suicidal inmates and those inmates suffering the effects of narcotics withdrawal, thereby resulting in the denial and/or delay in needed medical care for inmates, including plaintiff's decedent, Zachary Keifer.

67.     Upon information and belief, it is the policy, custom or practice of defendant PrimeCare to allow non-physician staff members to make decisions regarding suicide status.

68.     Defendants intentionally, with reckless indifference or with deliberate disregard, denied Plaintiff's decedent Zachary Keifer's reasonable and necessary medications and medical

care for his extreme emotional distress and physical pain without just and legal cause, thereby violating Plaintiff's decedent's rights under the laws of The Constitution of the United States, in particular 42 U.S.C. §1983 and the 4th, 8th and 14th Amendments of the US Constitution and decedent's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

69.    In failing to provide appropriate medical care for the Plaintiff's decedent's emotional distress and physical pain associated with withdrawal symptoms, Defendants directly violated the laws of the Commonwealth of Pennsylvania and the rules and regulations of Lancaster County and Lancaster County Prison regarding medical care for inmates.

70.    As a direct and proximate result of the aforesaid actions of Defendants, Plaintiff's decedent Zachary Keifer suffered severe personal injuries, was forced to endure great physical pain and suffering, and death by hanging all to his detriment and loss.

71.    As a further direct and proximate result of the gross negligence, recklessness, carelessness, deliberate indifference and reckless disregard by Defendants, Plaintiff's decedent Zacahary Keifer suffered severe personal injuries including but not limited to severe pain and suffering and severe emotional and mental distress, all of which ultimately resulted in his death.

WHEREFORE, Plaintiff, Kathy Keifer hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,000.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

## COUNT II - NEGLIGENCE

### PLAINTIFF KATHY KEIFER
### V.
### DEFENDANTS PRIMECARE AND WICKIZER

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 71, the same as if set forth at length herein.

72. At all times pertinent hereto, Defendants PrimeCare and Wickizer were responsible for the care of plaintiff's decedent, Zachary Keifer, during his incarceration at Lancaster County Prison.

73. In the care and treatment of plaintiff, Defendants PrimeCare and Wickizer, individually or acting through their agents, servants, subordinates and/or employees were negligent, careless and reckless in the following respects:

    a.    Failing to evaluate the decedent, including a suicide assessment;

    b.    Failing to treat the decedent;

    c.    Failing to refer the decedent for appropriate treatment;

    d.    Failing to maintain the decedent on suicide status;

    e.    Failing to maintain the decedent on medical observation status;

    f.    Failing to have the decedent evaluation by a psychiatrist or psychologist before removing him from suicide status and medical observation status;

    g.    Failing to have the decedent evaluation by a physician before removing him from suicide status and medical observation status;

    h.    Releasing the decedent to general population;

    i.    Failure to provide appropriate and effective detox treatment;

h.  Allowing the decedent to be housed in a cell alone with the means to kill himself; and

j.  Failing to assure that the decedent would be subject to ongoing timely and appropriate cell checks;

74.  The above acts and omissions on the part of Defendants PrimeCare and Wickizer were the proximate cause of the physical and emotional harm and death suffered by the decedent.

75.  The above acts and omissions on the part of the Defendants PrimeCare and Wickizer were carelessly, negligently and recklessly performed and increased the risk of harm and injuries suffered by plaintiff.

76.  As a direct and proximate result of the aforesaid actions of Defendants, Plaintiff's decedent Keifer suffered severe personal injuries, was forced to endure great physical pain and suffering, was forced to endure great mental and emotional pain and suffering and death by hanging, all to his detriment and loss.

77.  Defendant PrimeCare is liable for damages directly and/or under the theory of Respondeat Superior or Vicarious Liability for the acts of its employees and agents including, but not limited to defendants Wickizer, Sipe, Turgeon, and Cattell.

WHEREFORE, Plaintiff, Kathy Keifer hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,000.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

18

## COUNT III – DELIBERATE INDIFFERENCE

### PLAINTIFF KATHY KEIFER
### V.
### DEFENDANTS CORSIGLIA, CHRISTNER, MCCORMICK,
### MORNINGSTAR, AND ACHEY

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 77, the same as if set forth at length herein.

78.    Defendants Corsiglia, Christner, McCormick, Morningstar, and Achey deliberately intentionally and/or with deliberate indifference to the decedent's serious medical needs failed to provide the decedent with appropriate monitoring and cell checks, knowing Keifer was suicidal and suffering from withdrawal symptoms.

79.    Defendants Corsiglia, Christner, McCormick, Morningstar, and Achey deliberately intentionally and/or with deliberate indifference to the decedent's serious medical needs failed to inform medical and supervisory staff that Keifer was suicidal and suffering from withdrawal symptoms.

80.    Upon information and belief, on or about December 26, 2014, Defendant corrections officers including Defendants' Corsiglia and Christner, knowing decedent was suicidal, searched decedent's cell but failed to remove items that would allow him to harm himself.

81.    Upon information and belief, Defendant corrections officers, including but not limited to Defendant Morningstar, transferred Keifer to a separate cell where he would be housed

19

alone with a means to commit suicide, all without following proper procedures of Lancaster County Prison and Lancaster County for making such a transfer.

82.     Despite Keifer's repeated threats to commit suicide and despite the knowledge of Defendants that Keifer had harmed himself in the past, decedent was not appropriately monitored.

83.     Further, Keifer was placed in a cell with access to means to hang himself all in violation of his civil rights and with deliberate indifference to his serious medical needs.

84.     Despite Keifer's threats to commit suicide and his clear cries for help, his pleas were ignored by Defendants as well as unknown prison staff and the decedent hung himself on December 27, 2014.

85.     Defendants intentionally, with reckless indifference or with deliberate disregard denied Plaintiff's decedent Zachary Keifer's reasonable and necessary medical care and monitoring for his extreme emotional distress and physical pain without just and legal cause, thereby violating Plaintiff's decedent's rights under the laws of The Constitution of the United States, in particular 42 U.S.C. §1983 and the 4th, 8th and 14th Amendments of the US Constitution and decedent's rights under the Constitution and laws of the Commonwealth of Pennsylvania.

86.     The actions of the Defendants were without legal justification thereby violating Plaintiff's Decedent's rights under the laws and Constitution of the United States in particular the 4th, 8th and 14th Amendments of the United States Constitution, 42 U.S.C. § 1983, and the Decedent's rights under the Constitution and laws of the Commonwealth of Pennsylvania including 37 Pa. Code, § 91.6 *et seq*.  Through the deliberate indifference to the Decedent's

serious medical needs and without just cause, the named Defendants violated the laws of the Commonwealth of Pennsylvania, the Rules and Regulations of the Lancaster County Prison and the County of Lancaster, regarding the care and treatment of suicidal inmates.

87.     In failing to provide appropriate housing, monitoring and cell checks in light of the decedent's suicidality, emotional distress and physical pain associated with withdrawal symptoms, Defendants directly violated the laws of the Commonwealth of Pennsylvania and the rules and regulations of Lancaster County and Lancaster County Prison regarding the care, control and monitoring of inmates.

88.     As a direct and proximate result of the aforesaid actions of Defendants, Plaintiff's decedent Keifer suffered severe personal injuries, was forced to endure great physical pain and suffering, was forced to endure great mental and emotional pain and suffering and death by hanging all to his detriment and loss.

89.     As a further direct and proximate result of the gross negligence, recklessness, carelessness, deliberate indifference and reckless disregard by Defendants, Plaintiff's decedent Zacahary Keifer suffered severe personal injuries including but not limited to severe pain and suffering and severe emotional and mental distress all of which ultimately resulted in his death.

WHEREFORE, Plaintiff, Kathy Keifer hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,000.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

**COUNT IV**
**PLAINTIFF KATHY KEIFER**
**V.**
**LANCASTER COUNTY**

Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 89, the same as if set forth at length herein.

90.     Prior to December 27, 2014, Municipal Defendant, Lancaster County, permitted, encouraged, tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal deliberate indifference to the serious medical needs of inmates in that:

(a)     Municipal Defendant failed to discipline or prosecute in any manner, known incidents of abuse of powers and deliberate indifference to serious medical needs of inmates by corrections officers and staff;

(b)     Municipal Defendant refused and or failed to fully to investigate complaints of previous incidents of abuse of powers, and deliberate indifference to serious medical needs of inmates and instead officially claimed that such incidents were justified and proper; and

(c)     By means of both inaction and cover-up of the deliberate indifference to serious medical needs by corrections officers and prison staff, Municipal Defendant led Defendant Corrections Officers and staff to believe that deliberate indifference to the serious medical needs of inmates was permissible.

91.     Municipal Defendant has maintained either no system or an inadequate system of review of the medical care of inmates, which system has failed to identify instances of deliberate indifference to serious medical needs or failed to discipline or closely supervise or retrain prison staff who are deliberately indifferent to inmates' serious medical needs.

92.     Upon information and belief the system's deficiencies include but are not limited to:

22

(a)     Preparation of investigative reports designed to vindicate the indifference to serious medical needs regardless of whether such action or actions were justified;

(b)     Preparation of investigative reports which uncritically rely solely on the prison staff and corrections officers involved in the incidents and which systematically fail to credit testimony by non-staff and non-corrections officer witnesses;

(c)     Preparation of investigative reports which omit factual information and physical evidence which contradicts accounts of the staff involved;

(d)     Issuance of public statements exonerating staff involved in such incidents prior to the conclusion of investigations; and

(e)     Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

93.     Upon information and belief, Municipal Defendant also maintains a system of grossly inadequate training pertaining to the treatment of inmates suffering with mental illness and narcotics withdrawal and pertaining to the law concerning deliberate indifference to the serious medical needs of inmates.

94.     Upon information and belief, Municipal Defendant provided an inadequate number of guards, doctors, nurses and counselors in relation to the number of prisoners housed in Lancaster County Prison and inadequate medical and psychiatric support services for said prisoners thereby causing the inmates' medical and psychiatric needs to be neglected resulting in the violation of the rights of inmates including Plaintiffs' decedent.

95.     Municipal Defendant failed to promulgate and enforce a policy relating to the treatment of serious medical needs of inmates which is not in violation of the laws of the Commonwealth of Pennsylvania and the United States Constitution thereby causing and

encouraging prison staff, including Defendant Corrections Officers and staff, to violate the rights of citizens such as the Decedent.

96.     Municipal Defendant failed to adequately sanction or discipline officers who are aware of and subsequently conceal and/or aid in the violations of Constitutional rights of citizens, including the 4th, 8th and 14th Amendment Rights violations by other Lancaster County Prison staff thereby causing and encouraging prison staff, including Defendant Corrections Officers and staff, to violate the rights of citizens such as the Decedent.

97.     Municipal Defendant has intentionally and/or with conscious indifference to the danger of harm to citizens like Decedent, established a system which fails to identify, track or report instances of improper denial of medical or psychiatric care and which is used by Municipal Defendant to conceal the extent to which corrections officers and staff engage in improper denial of medical care.

98.     The foregoing acts and omissions, systemic deficiencies, policies, practices and customs of Municipal Defendant has caused corrections officers and staff members of Municipal Defendant, including the named Defendants and unknown corrections officers and staff in this case, to be unaware of or to disregard the rules and laws governing medical treatment and/or psychiatric treatment for inmates,  to believe that the denial of medical care without just cause is a proper practice for prison staff entirely within the discretion of the officers and staff involved, and that denial of medical and psychiatric care resulting in injury and death would not be honestly and properly investigated, all with the foreseeable result that officers and staff including the Defendants in the within action are more likely to improperly deny medical or psychological care where such action is neither necessary, reasonable, nor legal.

99.     Defendant Lancaster County, as a matter of policy and practice has, with deliberate indifference, failed to adequately train, discipline, sanction or otherwise direct corrections officers and prison staff concerning the rights of citizens and inmates particularly with regard to the 4th, 8th and 14th Amendments Rights of the U.S. Constitution, thereby causing the Defendants in the within matter to engage in the unlawful conduct described above.

100.    Defendant Lancaster County is directly liable for its own acts and omissions specifically with regard to the failure to train and the promulgation of violations of Decedent's 4th, 8th and 14th Amendment Rights through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones and/or tolerates such violations.

101.    As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs, Municipal Defendants violated Decedent's 4th, 8th and 14th Amendment Rights and improperly denied medical treatment and were deliberately indifferent to the serious medical needs of Plaintiffs' decedent, thereby causing severe personal injury and death, more specifically set forth in paragraphs 69 through 71 of this Complaint.

WHEREFORE, Plaintiff, Kathy Keifer hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,000.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

.

## COUNT V - AMERICANS WITH DISABILITIES ACT

### PLAINTIFF KATHY KEIFER
### V.
### DEFENDANTS LANCASTER COUNTY AND PRIMECARE

Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 101, the same as if set forth at length herein.

102.    At all times relevant to this action, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 *et seq*. was in full force and effect in the United States.

103.    Plaintiffs' decedent, Zachary Keifer enjoyed protection under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*, as a person with a disability.  Decedent suffered from depression, anxiety, A.D.H.D., and drug dependence, each of which individually and together substantially limited one or more of his major life activities at the time he was incarcerated in the Lancaster County Prison.

104.    Defendants, at the time Decedent was incarcerated in the Lancaster County Prison and prior to his death, were aware that Decedent suffered from, depression, anxiety, A.D.H.D., and drug dependence.

105.    Lancaster County Prison is a place of accommodation.

106.    Defendant Lancaster County owns and operates Lancaster County Prison.

107.     Defendant PrimeCare is contracted with Lancaster County to provide medical services for the inmates of Lancaster County Prison.

108.    Defendants failed to provide services to Decedent.  Defendants failed to provide Decedent with the appropriate medical and psychiatric care.  Additionally, Defendants failed to

provide Decedent with appropriate housing and supervision while incarcerated in the Lancaster County Prison.

109.    Defendants, while aware of Decedent's mental health disabilities and suicidal tendencies, failed to provide Decedent with appropriate counseling or consultation with a psychiatrist or physician nor did they provide psychiatric medications.

110.    Defendants failed to house decedent appropriately and failed to provide the necessary supervision of the decedent.

111.    Defendants' failure to provide Decedent with necessary housing, services and supervision occurred because of Defendants' discrimination against Decedent due to his disability.

112.    Defendants, because of Decedent's disabilities, excluded Decedent from participation in appropriate housing, services and medical treatment for a person with a disability.

113.    Defendants' failure to provide Decedent with necessary and appropriate housing, services, medications and supervision was the direct and proximate cause of Decedent suffering serious bodily harm including death.

WHEREFORE, Plaintiff, Kathy Keifer hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty Thousand Dollars ($150,000.00) for the wrongful death, conscious pain and suffering, expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages for delay and for such other and further relief as the Court finds just and equitable.

## COUNT VI – WRONGFUL DEATH

### PLAINTIFF KATHY KEIFER
### V.
### ALL DEFENDANTS

Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 113, the same as if set forth at length herein.

114.    On the occasion in question, Zachary Keifer, Decedent, was 23 years of age, in reasonably good physical health and had a reasonable life expectancy of approximately 53 more years.

115.    At the time of his death Keifer was earning approximately $5,000.00 per year.

116.    Decedent was the son of Kathy Keifer, and gave help to his mother and, in all reasonable probability, he would have continued to help his mother for the remainder of her life.

117.    As a direct and proximate result of the acts and omissions of Defendants and the resultant death of Zachary Keifer, Decedent's surviving parent, Kathy Keifer, has been deprived of the emotional support, comfort, society, counsel, services and care of the Decedent all to her great detriment and loss.

118.    As a further direct and proximate result of the acts and omissions of Defendants and the resultant death of Zachary Keifer, it was reasonable and necessary to provide for the funeral service and the burial of the Decedent for which the Estate of Zachary Keifer has spent or will spend the sum of approximately Three Thousand Five Hundred Dollars which sum is fair, customary, reasonable and necessary.

WHEREFORE, Plaintiff, Kathy Keifer hereby demands judgment against the Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred Fifty

Thousand Dollars ($150,000.00) for the wrongful death, conscious pain and suffering, expense,

loss of society and companionship, attorney's fees, punitive damages, interest, costs, damages

for delay and for such other and further relief as the Court finds just and equitable.

## COUNT VII – PUNITIVE DAMAGES

**PLAINTIFF KATHY KEIFER**
**V.**
**DEFENDANTS WICKIZER, SIPE, TURGEON, CATTELL, CORSIGLIA, CHRISTNER, MCCORMICK, MORNINGSTAR, AND ACHEY**

Plaintiffs incorporates by reference the allegations set forth in paragraphs 1 through 118,

the same as if set forth at length herein.

119.   The herein described conduct of Defendants was malicious, wanton, willful,

reckless, indifferent and intentionally designed to inflict grievous bodily harm and mental

distress upon the person of the Decedent.

120.   As a result of the malicious, wanton, willful, reckless, deliberately indifferent and

intentional conduct of Defendants, Plaintiffs demands punitive damages.

WHEREFORE, Plaintiff, Kathy Keifer hereby demands judgment against the

Defendants jointly, severally, and in the alternative in an amount in excessive of One Hundred

Fifty Thousand Dollars ($150,000.00) for the wrongful death, conscious pain and suffering,

expense, loss of society and companionship, attorney's fees, punitive damages, interest, costs,

damages for delay and for such other and further relief as the Court finds just and equitable.

Respectfully submitted,

CRYSTLE, ALLEN & BRAUGHT, LLC

Date: __12/23/2016__    By: _____

Kevin C. Allen, Esquire
Attorney for Plaintiff, Kathy Keifer
Administratrix for the Estate of Zachary Keifer
Attorney I.D. No.  55232
143 North Duke Street
Lancaster, PA 17602
Telephone:  (717) 393-0600
Facsimile:  (717) 396-1028
Email: kevin@crystleallen.com

## **VERIFICATION**

I, **KATHY KEIFER** verify that the statements made in the attached **CIVIL ACTION COMPLAINT** are true and correct.  The undersigned understands that false statements herein are made subject to the penalties of the 18 PACSA §4904 relating to unsworn falsification to authorities.

Date: _12-1-16_

_____
Kathy Keifer